**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Shairoz Mellesmoen

        Plaintiff,

v.

Remington Hospitality, Inc.,

        Defendant.

Case No. 26-cv-1431 (MJD/DJF)

**ORDER**

---

Plaintiff Shairoz Mellesmoen served a Minnesota Summons and Complaint on Defendant Remington Hospitality, Inc.[1] ("Defendant") on January 23, 2026. (ECF No. 1 at 1.) The Complaint alleges state law claims of religious discrimination, failure to provide religious accommodation, retaliation, and national origin discrimination in violation of the Minnesota Human Rights Act ("MHRA"). (ECF No. 1-1 at 6-9.) On February 13, 2026, Defendant filed a Notice of Removal ("Notice") (ECF No. 1). Defendant alleges the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy is greater than $75,000. (*Id.* at 2-6.) The Notice further clarifies that Defendant is not a corporation, but a limited liability company ("LLC") named Remington Lodging and Hospitality, LLC. (*Id.* at 1 n.1.) Defendant also filed a declaration stating that Remington Lodging and Hospitality, L.P. ("Remington L.P.") manages and controls Defendant. (ECF No. 1-2 at 2.)

On February 17, 2027, Magistrate Judge David T. Schultz, who was previously assigned to this matter, ordered Defendant to file a declaration that clarifies its citizenship by stating: (1.)

---

[1] Plaintiff states that Defendant has indicated it will seek to amend the caption in this matter to reflect its true name, Remington Lodging and Hospitality, LLC. (ECF No. 9.) This has not occurred. Therefore, the Court uses the original caption here. However, the Court directs Defendant to move to amend the caption.

whether Remington L.P. is Defendant's sole member; and (2.) the citizenship of Remington L.P.'s general and limited partners.  (ECF No. 6.)  As Judge Schultz clearly explained in his order, "an LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members," (*id.*, citing *Cleek v. Ameristar Casino Kansas City, LLC*, 47 F.4th 629, 634 (8th Cir. 2022)), and a limited partnership's citizenship, for the purposes of diversity jurisdiction, is the citizenship of each of its general and limited partners (*id.*, citing *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991)).  Therefore, if Defendant wishes to avail itself of this Court's diversity jurisdiction, it must unambiguously state: (1.) the citizenship of each of its members; (2.) if those members are limited partnerships, the citizenship of each of the general or limited partners; and (3.) and if those partners are themselves partnerships or other unincorporated entities, then the citizenships of their partners and members.  Simply put, the citizenship of each entity or person at each level of ownership must be established.  *Fifth Third Mortg. Co. v. Lamey*, 12-cv-2923 (JNE/TNL), 2012 WL 5936055, at *1 (D. Minn. Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."); *Key Enterprises, LLC v. Morgan*, 12-cv-2628-PJS-JSM, 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013) ("[F]or purposes of diversity jurisdiction, a limited liability company ('LLC') takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'").

Defendant filed the declaration as Judge Schultz directed, but it was deficient.  Defendants stated that Remington L.P. is Defendant's sole member, and in conclusory fashion, stated that Defendant "is not a citizen of the State of Minnesota, but is a citizen of the State of Texas."  (ECF No. 10 at 2.)  This was obviously inadequate, and the judge had to again direct Defendant to comply

with the original order and state Remington L.P.'s citizenship by "identifying each of Remington L.P.'s partners and their citizenship." (ECF No. 11.)

Defendant responded, but its latest response continues to miss the mark. Defendant states, "Remington L.P.'s limited and general partners are Ashford Hospitality Services LLC and Remington Holdings GP, LLC, respectively … Remington Holdings GP, LLC's sole member is Ashford Hospitality Services LLC." (ECF No. 12 at 3.) Lastly, it states that none of entities listed above are citizens of Minnesota and that they are all citizens of Texas. (*Id.*) This response is inadequate because it does not state the citizenship of Ashford Hospitality Services LLC's members. In other words, it simply identifies a new level of ownership; it does not actually resolve Defendant's citizenship. *See Key Enterprises, LLC*, 2013 WL 353911, at *1.

Federal courts have an obligation to inquire into subject matter jurisdiction, even if no party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Ogalala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2014) (citation omitted); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (citation omitted). Subject matter jurisdiction is a threshold requirement for federal court litigation. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)). "The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied." *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 324 (D. Minn. 2008) (citing *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993)). Because Defendant has again failed to allege its own citizenship by failing to allege the citizenships of all its sub-members, it has failed to adequately establish complete diversity in the Complaint as required by 28 U.S.C. § 1332.

When a party fails to adequately show that diversity jurisdiction exists, courts have the

discretion to allow an amendment. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see e.g.*, *AGI Sourcing, LLC v. Comet Clothing Company, LLC*, No. 24-cv-177, 2024 WL 2375430, at *2 (D. Minn. Jan. 25, 2024). The Court will allow Defendant *one* more bite at the apple to adequately state its own citizenship. To do so, Defendant must allege the identities and citizenships of <u>all</u> its sub-members and their sub-members, and sub-sub members and so on, until the names and citizenships of all members at each level in the chain of ownership are identified.

The Court cautions that defense counsel cannot satisfy the jurisdictional requirement on amendment by alleging Defendant's citizenship or that of its members "on information and belief." Rather, such allegations must be based on specific information acquired through investigation. Until an attorney acquires some information about the identity and citizenship of Defendant's members, he should not represent to a court—even 'upon information and belief'—that the members are citizens of a particular state. *See Key Enterprises*, 2013 WL 353911, at *2 (stating that LLC membership cannot be adequately pleaded "on information and belief"); *see also, e.g., City of Webster Groves v. CCATT LLC*, No. 4:18-CV-1910 (RLW), 2019 WL 4169848, at *2 (E.D. Mo. Sept. 3, 2019) (requiring the citizenship of an LLC's members to be pleaded with more specificity than "upon information and belief"); *Lee v. Victor Techs. Int'l, Inc.*, No. 5:13-CV-05172, 2014 WL 12638872, at *3 (W.D. Ark. Jan. 21, 2014) (same).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:** (1.) Defendant shall file a motion to correct the caption to reflect its true name; and (2.) Defendant shall file a declaration that addresses the concerns set forth herein on

or before **May 6, 2026**, failing which the Court may recommend dismissal for lack of subject matter jurisdiction


Dated: April 22, 2026                    _s/ Dulce J. Foster_
                                         DULCE J. FOSTER
                                         United States Magistrate Judge